IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KIMBERLY A. KELLEY, | ) | |
| | ) | 8:06CV431 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Kimberly A. Kelley's ("plaintiff") motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2006). Filing No. 17. Pursuant to sentence four of 42 U.S.C. § 405(g), the court entered an order and judgment reversing the Administrative Law Judge and remanding the case to defendant for further proceedings. Filing No. 16. Thereafter, plaintiff filed this motion for attorney fees with an accompanying attorney's affidavit and supporting documents. Filing No. 17. Plaintiff requests compensation for 8.25 hours of attorney time, for a total of $1,340.62. The defendant filed a response stating that it does not object to the award of attorney fees in this amount. Filing No. 19.

The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A),(2)(B); *United States SEC v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). Furthermore, in order for claimants to qualify for EAJA attorney fees, the Commissioner's position must not have been substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Brouwers v. Bowen*, 823

1

F.2d 273, 275 (8th Cir. 1987).  To establish substantial justification, the Commissioner must show the denial had a reasonable basis in law and fact.  *Goad*, 398 F.3d at 1025; *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988).  The Commissioner has the burden of proving that its position was substantially justified, or that special circumstances make an award of attorney fees and expenses unjust.  *Koss v. Sullivan*, 982 F.2d 1226, 1228-29 (8th Cir. 1993); 28 U.S.C. § 2412(d)(1)(A).

After carefully reviewing the record and, in particular, the itemized amounts set forth in the affidavit of plaintiff's attorney, the court concludes the reported 8.25 hours of work spent on this case is reasonable.  *See* Filing No. 17.  Plaintiff's net worth did not exceed two million dollars at the time the action was filed, and there is no question that the fees sought were incurred in the same action in which plaintiff prevailed.  This court's previous order granted the defendant's motion to reverse and remand, thereby establishing the requirement that defendant was not substantially justified. *See* Filing Nos. 16, 15.  Accordingly, where the plaintiff was a prevailing party, the court finds that an award of attorney fees in the amount of $1,340.62 is reasonable and warranted.

THEREFORE, IT IS ORDERED that plaintiff's motion for attorney fees, Filing No. 17, is granted.  Plaintiff is awarded attorney fees in the amount of $1,340.62.

DATED this 29th day of November, 2006.

BY THE COURT:

s/Joseph F. Bataillon
Joseph F. Bataillon
United States District Judge